PATRICIA HENDRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hendrix v. Commissioner
Docket No. 27303-88
United States Tax Court
T.C. Memo 1990-221; 1990 Tax Ct. Memo LEXIS 255; 59 T.C.M. (CCH) 509; T.C.M. (RIA) 90221; May 3, 1990, Filed Patricia Hendrix, pro se. Sheila Olaksen, for the respondent. KORNER, Judge. KORNER
*730 MEMORANDUM OPINION For the year 1984, respondent determined a deficiency in income tax against petitioner in the amount of $ 18,769, together with additions to the tax in the amount of $ 4,635.75 under section 6651(a)(1), [1] $ 938.45 under section 6653(a)(1), and an addition of 50 percent of the interest due on $ 18,769, under the provisions of section 6653(a)(2). *257 At the time of the petition herein, petitioner was a resident of San Francisco, California. Her return for the 1984 calendar year was filed with respondent on December 8, 1986. After concessions, the following issues remain for our disposition: [2]
1. The deductibility of claimed transportation and other employee business expense in the amount of $ 18,486. 2. A claimed theft loss in the amount of $ 4,659. 3. A claimed child care credit under section 21. 4. The claimed investment tax credit for the business use of an automobile. 5. Addition to the tax under section 6651(a)(1). 6. Additions to the tax under section 6653(a)(1) and (a)(2).
For convenience, we will combine our findings and holdings under each enumerated topic separately. 1. *258 Transportation and Employee Business Expenses. In the year 1984, petitioner was employed by a firm known as Lynell S. Cosmetics, Inc. Allegedly in connection with that employment, petitioner claimed unreimbursed employee expenses for the year in the amount of $ 18,486, consisting of car operating expenses of $ 9,626, a deduction under section 179 of $ 5,000 for an automobile purchased in that year, and $ 3,860 of meal, lodging and other expenses. In this, as in all other issues presented to the Court in this case, petitioner has the burden of proof. Rule 142(a). She failed to meet that necessary burden of proof by a wide margin. Although the legitimate operating expenses of a car used in a trade or business, and not reimbursed, are deductible under section 162, petitioner must prove the business use of the automobile, as opposed to personal use, must prove the amount of the expenses and that they were not reimbursed. Petitioner failed in all these areas. The scanty evidence which was presented by petitioner shows a few miscellaneous expense slips which are not in any way related to her business, as opposed to personal, use of the automobile, and several of which relate *259 to a year other than 1984. When asked, petitioner was uncertain whether her claimed expense amount had taken into account any reimbursement by her employer, and how much such reimbursement might have been. She likewise failed to demonstrate the amount of miles driven in 1984, and the amount of such driving which was business as opposed to personal. With respect to the claimed deduction of $ 5,000 under section 179, the pertinent Code section requires that the amount may be allowed only in the year the property is placed in service. The only evidence presented on this point was that the automobile was purchased by petitioner in 1983, the year prior to the year before this Court. Petitioner is thus not entitled to the claimed section 179 amount. With respect to other employee expenses, which would otherwise be allowable if proved, petitioner failed entirely to demonstrate that the scattering of personal notes, receipts for meals, and the like, represented expenses incurred by her in the pursuit of her business which were not, in whole or in part, reimbursed by her employer. The evidence here is simply inadequate for us to make any findings of fact or reach any conclusions so *260 as to allow any amount to petitioner for unreimbursed employee expense under section 162, and we hold for respondent on this issue. 2. Theft Loss. Petitioner claimed a deduction of $ 4,659 in her 1984 return, on the grounds that she had lost luggage, jewelry, and clothing in this total amount while traveling on Pacific Southwest Airlines. Aside from petitioner's rather vague and generalized testimony, the only evidence presented was her self-serving claim statement filed with the airline. In any case, petitioner did not establish that the loss was due to theft, which it was her burden to do. Bauman (Malley) v. Commissioner, a Memorandum Opinion of this Court dated January 12, 1951; see and compare Bercaw v. Commissioner, a Memorandum Opinion of this Court dated January 21, 1947, affd. 165 F.2d 521 (4th Cir. 1948). Nor, on *731 the scanty facts presented, has petitioner demonstrated that the alleged loss of her personal possessions was due to a "fire, storm, shipwreck, or other casualty" within the meaning of section 165(c). See section 1.165-7(a), Income Tax Regs.
Further, petitioner has completely failed to establish *261 her cost in the items allegedly lost with the airline. Finally, petitioner admitted that she received $ 1,250 in compensation from the airline, but she was unable to say, on cross examination, whether such reimbursement had been taken into account in making her theft-loss claim for income tax purposes for this year. We sustain respondent's determination. 3. Child Care Credit. Petitioner claimed a credit of $ 1,344 for child and dependent care expenses, which had the effect on her return of eliminating all her liability for income tax. Section 21 permits a credit for the payment of certain employment-related expenses connected with maintaining a household for a qualified dependent. To be allowable, the taxpayer must prove, inter alia, the amount of the expense, that the child is under 15 [now 13] years of age, and that the child care is necessary to the taxpayer's employment. We hold that petitioner has failed to meet any one of these tests. No proof was presented herein as to her alleged child's age, nothing was presented which would support the claim that the child care was necessary to petitioner's retaining employment, and the amounts claimed or substantiated *262 in small part by a couple of alleged bills for two months out of the year from the child care provider (whether they were paid by petitioner is unknown), together with a few cryptic entries in check stubs which were offered in evidence by petitioner, do not support the claimed amount. Such proof was entirely insufficient, and we hold in favor of respondent on this issue. 4. Claimed Investment Tax Credit. Petitioner made out Form 3468, attached to her 1984 return, for the apparent purpose of claiming an investment tax credit with respect to an automobile, but in fact claimed no such credit because she had no tax for that year, as computed by her in the return. Nevertheless, petitioner renews the claim in this case. Under section 48, a taxpayer may claim an investment tax credit for eligible property (defined by section 38 as depreciable business machinery and equipment), where such eligible property is first placed in service in the taxable year of acquisition. See section 1.46-3, Income Tax Regs.
The claim here is with respect to an automobile acquired by petitioner. The evidence in this case, however, is that petitioner acquired the *263 automobile on June 13, 1983. The inference is strong, therefore, that the car was placed in service in the year prior to the year before the Court, and petitioner has done nothing to demonstrate the contrary. For failure of proof, we hold against petitioner on this issue. 5. Addition to Tax Under Section 6651(a)(1). 6. Additions to Tax Under Section 6653(a)(1) and (a)(2). Section 6651(a)(1) imposes an addition to tax upon taxpayers who fail to file their returns on time without reasonable cause, and section 6653(a)(1) and (a)(2) impose additions to tax on petitioners for negligence or for willful failure to follow rules and regulations. Both said additions to tax were determined by respondent in this case and were placed in issue by petitioner. There is absolutely nothing in this record, however, either by way of stipulation or evidence presented at the trial, which bears on these issues at all. As to both these additions to tax, petitioner had the burden of proof. Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982); Bixby v. Commissioner, 58 T.C. 757 (1972). Whether petitioner has abandoned these issues or simply elected to *264 present no evidence, the result is the same: respondent's determination is sustained. To give effect to the above, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. At the time of trial, respondent conceded his adjustment increasing petitioner's gross income by $ 35,800. The claimed deduction for medical and dental expense will automatically be adjusted depending upon the disposition of the other issues herein.↩